IN THE SUPREME COURT OF THE STATE OF DELAWARE

TIMOTHY BURLEY, § 
§ 
    Defendant Below, § No. 291, 2024
    Appellant, § 
§ Court Below—Court of Chancery
    v. § of the State of Delaware
§ 
DEUTSCHE BANK TRUST § C.A. No. 2017-0912
COMPANY AMERICAS, as Trustee § 
for RESIDENTIAL ACCREDIT § 
LOANS, INC., Mortgage Asset- § 
Backed Pass-Through Certificates, § 
Series 2007-QS6, § 
§ 
    Plaintiff Below, § 
    Appellee. § 

Submitted: July 29, 2024
Decided: August 6, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On February 29, 2024, a Court of Chancery Magistrate issued a final report under Court of Chancery Rule 144 in this mortgage foreclosure action. In the final report, the Magistrate stated that exceptions to the report could be filed as provided in Court of Chancery Rule 144. The appellant, Timothy Burley filed

exceptions on April 4, 2024. The appellee opposed the exceptions, and the exceptions are pending before a Vice Chancellor.

(2) On July 25, 2024, Burley filed a notice of appeal from the Magistrate's final report in this Court. The Clerk's Office issued a notice directing Burley to show cause why this appeal should not be dismissed for lack of jurisdiction because the Magistrate's report is not final under Court of Chancery Rule 144 and the exceptions remain pending.

(3) Burley devotes the bulk of his response to the notice to show cause to arguing the merits of the appeal. Burley also argues that the appeal should not be dismissed because he stated in his exceptions briefing that he wanted to waive the right to seek further judicial review of the Magistrate's report at the trial level while preserving his ability to appeal to this Court under Court of Chancery Rule 144(h).

(4) In the absence of a stipulation by the parties to submit their dispute to a Magistrate for final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacks jurisdiction to hear an appeal from a Magistrate's order.[1] The parties did not stipulate to submit their dispute to a Magistrate for a final decision, and Burley cannot unilaterally do so now.[2] Nor has the Court of Chancery

---

[1] *E.g.*, *Theerachanon v. FIA Cards Servs.*, 2024 WL 2073629, at *1 (Del. May 8, 2024).

[2] *See Talley v. Horn*, 2024 WL 2239163, at *1 n.2 (Del. May 16, 2024) ("The Talleys' attempt to stipulate to final adjudication by the Magistrate in their response to the notice to show cause is

2

entered an order adopting the Magistrate's final report. To the contrary, Burley's exceptions remain pending before a Vice Chancellor. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

unavailing because an after-the-fact, one-sided 'stipulation' by self-represented parties, without approval of the Court of Chancery, does not comply with Court of Chancery Rule 144(h) or 10 *Del. C.* § 350.").